UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY ___ D.C.
05 AUG 17 PM 4: 02

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| NATIONAL HERITAGE REALTY, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION CASE |
| v. ) | |
| ) | NO. 04-2659 B/V |
| MID-SOUTH ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

## CONSENT PROTECTIVE ORDER

Discovery sought by the parties in the above-captioned case may involve production of documents and things containing confidential information and witnesses whose testimony may concern matters that are of a confidential nature. For good cause shown, pursuant to Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED THAT:**

1.

Any party in this case and any non-party or person shall have the right to designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for purposes of this Order any information which that party produces in this case, whether it be a document, information contained in a document, a response to interrogatories, testimony given at a deposition or hearing, tangible things or other information produced or supplied by the party or non-party that it in good faith reasonably believes contains non-public confidential, proprietary, trade secret or other commercially-sensitive information. A party or non-party shall designate material

This document entered on the docket sheet in compliance
with Rule 58 and/or 79(a) FRCP on 8-18-05



as "HIGHLY CONFIDENTIAL" only if it consists of CONFIDENTIAL material that, if disclosed to directors, officers, or employees of a receiving party, would be commercially harmful to the supplying party.

2.

Any information or material so designated shall be considered CONFIDENTIAL material for purposes of this Order and shall be used by the receiving party or parties solely in connection with this action and may not be used or disclosed except as provided in this Order. All such persons and entities are barred from using CONFIDENTIAL or HIGHLY CONFIDENTIAL material to further the business interests of any party hereto (other than the prosecution of claims or preparation of defenses in this action) or the business interests of any other person, firm, corporation or other entity.

3.

The designation of discovery material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for purposes of this Order shall be made as follows:

a. In the case of a document, a response to interrogatories, or other written material (apart from depositions, other pretrial testimony, transcripts thereof and exhibits thereto) by stamping in a conspicuous place on each page containing such confidential information the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

b. In the case of a tangible thing, by placing in a prominent place the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;"

c. In the case of depositions, other pretrial testimony, the transcripts thereof and exhibits thereto, by counsel for the party making the disclosure stating on the record at the time of such disclosure or

within thirty (10) days after receipt of the transcript of the deposition that such testimony is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and requesting that the transcript of such material be clearly marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

d.  A supplying party's designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall also render "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any copies, excerpts, summaries or other disclosure of the substance or contents of such material.

4.

In the event that a receiving party disagrees with any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation, the receiving party and designating person shall confer pursuant to Federal Rule of Civil Procedure 26 and Local Rule 7.2 and attempt in good faith to resolve the disagreement. If the receiving party and designating person fail to resolve their dispute, the person or party objecting to the confidentiality designation may apply to the Court for a determination of whether the designated information should remain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL;" provided, however, that the person or party making the designation shall have the burden of proving the necessity for the designation. Until the Court rules on the objecting person's or party's application, any information that has been produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be treated as so designated and subject to the terms of this Order. No party to this action shall be obligated to challenge the propriety of any designation and a failure to do so shall not preclude a subsequent

attack on the propriety of such designation. Nothing in this Order shall be construed to adjudicate the actual confidentiality of any such material, but rather this Order is entered solely for the purpose of facilitating the discovery process in this action.

5.

Nothing herein shall prevent disclosure beyond the terms of this Order if the person or party designating the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" specifically consents in advance in writing to such disclosure, or if the Court, after notice to all parties, orders such disclosure. The parties shall try to agree on procedures governing the use of CONFIDENTIAL or HIGHLY CONFIDENTIAL material at any hearing or trial and shall submit those to the Court for its approval. Should the parties fail to agree or obtain Court approval, nothing herein shall preclude any party or third party from making an application to the Court concerning the handling or treatment of material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at any trial or hearing in this action.

6.

Whenever any information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" is disclosed or used at a deposition in which testimony in this action is given, each portion of any such testimony in which such information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such information, and the transcript of such portion and all exhibits identified in that portion of the transcript shall be marked "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL," as applicable, and thereafter deemed to be fully subject to the provisions of this Order.

7.

When filed with the Court by any person or party, all materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as well as all motions, briefs, memoranda or other pleadings containing or referencing such materials (in such manner that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information may be revealed thereby), shall be filed in a sealed envelope or other appropriately sealed container on which shall be endorsed the style of this action, a description of the contents of the envelope or container, the word "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as applicable, and the following statement: "This envelope (or container) contains confidential documents filed in this case pursuant to a Protective Order and is not to be opened, nor are its contents to be displayed or revealed, except on order of the Court." Such envelope or sealed container may be opened and its contents reviewed only by authorized Court personnel or upon written consent of the counsel of record for the designating party. The filing party has fully discharged its obligations pursuant to this Paragraph 7 upon filing the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" materials in the manner specified herein.

8.

Documents and other material designated "CONFIDENTIAL" pursuant to the terms of this Order may only be disclosed to:

    a.    Any directors, officers, employees or independent contractors of a party to whom the party's counsel of record reasonably believes

      disclosure is necessary in connection with preparation for discovery or trial in this action;

b.   The parties' counsel of record in this case and their in-house counsel, and their employees or professional assistants, paralegals, legal assistants and secretaries actually working on this action;

c.   Any person who is being questioned in a deposition, hearing or trial;

d.   The Court and Court personnel at any stage in this case;

e.   Any experts, consultants, or independent contractors employed to advise or assist counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees or support personnel working on this action, provided that such expert, consultant or contractor to whom the disclosure is to be made consents in writing to be bound by the terms of this Order by executing the form of the confidentiality agreement attached hereto as Exhibit "A";

f.   Court reporters, stenographers or video operators actually recording proceedings in this action; and

g.   Other persons as agreed to by the parties or as ordered by the Court.

9.

Documents and other material designated "HIGHLY CONFIDENTIAL" pursuant to the terms of this Order may only be disclosed to:

a.   The parties' counsel of record in this case and their in-house counsel, and their employees or professional assistants, paralegals, legal assistants and secretaries actually working on this action;

b.   Any person who is being questioned in a deposition, hearing or trial;

    c.    The Court and Court personnel at any stage in this case;

    d.    Any experts, consultants, or independent contractors employed to advise or assist counsel of record for any party in the preparation, hearing, or trial of this action, and any of their employees or support personnel working on this action, provided that such expert, consultant or contractor to whom the disclosure is to be made consents in writing to be bound by the terms of this Order by executing the form of the confidentiality agreement attached hereto as Exhibit "A";

    e.    Court reporters, stenographers or video operators actually recording proceedings in this action; and

    f.    Other persons as agreed to by the parties or as ordered by the Court.

10.

Nothing herein shall be construed as an agreement or admission:

    a.    By the receiving party that any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the producing party is in fact confidential; or

    b.    With respect to the competency, relevancy or materiality, or admissibility of any information, document or the like.

11.

If at any time any information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and governed by this Order is subpoenaed or requested by a court, an administrative or legislative body, or by any other person or entity purporting to have authority to require the production of such information, the person to whom the subpoena is directed (the "Subpoenaed

Party") shall give prompt written notice by facsimile to the party or non-party that designated the information as confidential (the "Designating Party") and include a copy of the subpoena or request (unless providing disclosure of the subpoena or request is prohibited by law or court order) to the Designating Party. After the receipt of the notice specified under this paragraph, the Designating Party shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of documents or information designed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If the Designating Party does not move to quash the subpoena, move for a protective order, or seek another appropriate order within the time allowed for the discovery sought by the subpoena or request (or within such time as a court may direct or as may be agreed upon between the Designating Party and the subpoenaing or requesting party) or give written notice of such motion to the subpoenaing or requesting party and the Subpoenaed Party, the Subpoenaed Party may commence production in response thereto on the date designated on the subpoena or request. In all other aspects, the Subpoenaed Party shall cooperate with the Designating Party to the extent permitted by law. Notwithstanding the filing of a motion to quash or for protective order, nothing in this paragraph requires the Subpoenaed Party to withhold production of documents during the pendency of the motion if not permitted by law to do so.

12.

This Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

13.

All "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information produced by any person or party during the course of the proceeding of this action and all copies thereof in any form stored or reproduced, upon request, shall be promptly returned to the producing person or party within sixty (60) days of the final termination of this action, including appeals. In addition, upon request, each party shall, within sixty (60) days of the request, destroy, in whatever form stored or reproduced, all of the materials that contain or refer to confidential information of another party or person, except that counsel of record may retain one copy of the pleadings, correspondence and attorneys' notes relating to this action, subject to the other terms of this Order. The party or parties receiving the request to return or destroy such material may instead make the materials available to the requesting party or person for retrieval.

14.

Nothing herein shall be construed to provide a basis for non-compliance with the parties' obligations to produce documents under the Federal Rules of Civil Procedure or other applicable rules of procedure; nothing herein shall be construed to waive any right that any party may have to object to any demand for production of any documents; and nothing herein shall preclude any party from seeking greater protection with respect to any documents than that provided for in this Protective Order.

15.

Nothing in this Order shall apply to:

    a.    Information which at or prior to disclosure thereof in this action is or was in the public domain or which, after disclosure thereof to the

persons or parties bound by this Order, becomes public without action on their part; and

b. Information which was rightfully possessed by the party or parties receiving it other than through its production in the proceedings of this action.

### 16.

The provisions of this Order shall continue to be binding until modified, superseded or terminated by Order of the Court or by agreement of the parties. The Court retains jurisdiction over the parties for enforcement of the provisions of this Order following the conclusion of the action.

### 17.

Nothing contained in this Order shall prejudice the right of any party to seek an Order of this Court modifying or dissolving this Order. Such request for dissolution or modification of this Order may be made by any party at any time.

**SO ORDERED** this 17th day of August, 2005.

_____
JUDGE J. DANIEL BREEN

Agreed to by:

BURCH, PORTER & JOHNSON PLLC

_____
Les Jones
Tenn. Bar No. 13290
David E. Goodman, Jr.
Tenn. Bar No. 021493
130 North Court Avenue
Memphis, Tennessee 38103
(901) 524-5000
(901) 524-5024 (facsimile)

TROUTMAN SANDERS LLP

_____
Thomas E. Reilly
Georgia Bar No. 600195
Steven J. Hewitson
Georgia Bar No. 350398
Merle R. Arnold, III
Georgia Bar No. 023503
5200 Bank of America Plaza
600 Peachtree Street, N.E.
Atlanta, Georgia 30308
(404) 885-3000
(404) 885-3900 (facsimile)

Attorneys for Plaintiff
National Heritage Realty, Inc.

WOLFF ARDIS, P.C.

_____
Mary L. Wolff, Esq.
Tenn. Bar No. 8262
Sharon L. Petty, Esq.
Tenn. Bar No. 12212
5810 Shelby Oaks Drive
Memphis, Tennessee 38134
(901) 763-3336
(901) 763-3376 (facsimile)

Attorneys for Defendant
Mid-South Associates, L.L.C.

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I hereby acknowledge that I may receive information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by the party producing that information in discovery in the following action: *National Heritage Realty, Inc. v. Mid-South Associates, LLC*; Civil Action File No. 04-2659 B/V (the "Action"); in the United States District Court for the Western District of Tennessee, Western Division (the "Court").

I certify my understanding that if I receive this information it will be provided to me pursuant to the terms and restrictions of the attached Order entered on _____, 2005, in this litigation (the "Order"). I further certify that I have been given a copy of and have read the terms of that Order and agree to be bound by its terms.

I understand that all documentary material which I receive containing information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and all working copies, computer data storage, digests or abstracts prepared from this material are to remain in my personal custody until I have completed my assigned duties, if any, whereupon all such material and all notes made by me containing any of this confidential information are to be returned to the party or counsel who provided the confidential information to me.

I agree that the confidential information I receive shall not be disclosed to anyone else and that this information shall not be used for any purpose other than preparation for and trial or appeal of the action in which the Order has been entered.

1520887_4.DOC

I understand that any violation of this Order may subject me to sanctions by the Court. I further agree and do hereby submit myself to the jurisdiction of the Court for all matters concerning enforcement or violation of the Protective Order.

Dated: _____     _____

                            Name: _____

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 2:04-CV-02659 was distributed by fax, mail, or direct printing on August 18, 2005 to the parties listed.

---

David E. Goodman
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Mary L. Wolff
WOLFF ARDIS
5810 Shelby Oaks Dr.
Memphis, TN 38134

W. Les Jones
BURCH PORTER & JOHNSON
130 N. Court Avenue
Memphis, TN 38103

Honorable J. Breen
US DISTRICT COURT